UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50491
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL LENNARD BATES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(93-CR-181)
_____

April 15, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Before us are two matters raised by Darrell Lennard Bates, Texas inmate #530855, which contest his guilty-plea conviction and sentence for filing a federal tax return with false and fraudulent statements in violation of 26 U.S.C. § 7206. His earlier notice of appeal relates to the district court's June 11, 1996 order denying Bates's motion for modification of the plea

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

agreement underlying his federal conviction or, alternatively, leave to be released from the binding nature of the plea agreement. The latter appeal is from the court's order entered September 16, 1996, which denied Bates's request for appointment of counsel and his complaint of ineffective assistance of counsel prior to conviction and on appeal. Both of these motions essentially seek federal habeas relief pursuant to U.S.C. § 2255. We deny Bates's appeal from the first order as not warranting a certificate of appealability, and as to the successive "habeas petition," we deny permission to pursue it.

A brief further explanation of our ruling is in order. Bates pleaded guilty and received a thirty-six month term of imprisonment, to be served consecutively to his present confinement in the Texas State prison system for an unrelated conviction. This court affirmed the federal guilty-plea conviction and sentence on appeal, United States v. Bates, No. 95-50111 (5th Cir. Sept. 21, 1995) (unpublished). This court also dismissed Bates's appeal from the denial of a motion requesting the federal sentence to run concurrently with his state sentence and for other relief, characterizing the motion as "innominate." United States v. Bates, No. 96-50093 (5th Cir. June 12, 1996) (unpublished).

On June 7, 1996, Bates moved in the district court for modification of the plea agreement underlying his federal conviction or for leave to be released from the plea agreement. He asserted that counsel at trial and on appeal rendered ineffective

2

assistance by erroneously assuming that the district court accepted his plea agreement.  The district court denied the motion, noting that it <u>had</u> accepted Bates's guilty-plea, sentenced him, and entered final judgment in 1995.  Bates filed a timely notice of appeal.

On September 13, 1996, Bates filed a motion entitled "Defendant Request Appointment of Counsel for Hearing on Defendant's Motion Because U.S. District Judge and U.S. Government Failed to Enforce the Laws Under U.S.C.A. Title 26, U.S.C. Internal Revenue Code(s) in its Entirety(s) 7206(1) and Others Known and Unknown in Violations of the Laws and Incorrect Applying Guidelines and Order."  The district court denied this motion, and Bates again appealed.

To the extent both of the matters now on appeal seek relief from Bates's federal conviction, they are <u>habeas corpus</u> petitions under § 2255, and we will treat them as such.  Although the district court did not mention it, the appeal of these matters is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective April 24, 1996.  According to AEDPA, Bates may not appeal the district court's June 11 order without a certificate of appealability, which, however, may be entered by a circuit judge.  28 U.S.C. § 2253(c) (Supp. 1996), as amended by AEDPA.  A certificate of appealability must indicate which specific issue or issues present a substantial showing by the petitioner of the denial of a constitutional right.  28 U.S.C.

3

§ 2253(c)(3) (Supp. 1996). Bates cannot make this showing. To the extent we understand his complaints, the contention that the district court never accepted his guilty plea is contrary to the district court's explicit statement, as well as the underlying judgment, and is frivolous. Bates's ineffective assistance of counsel claim, predicated on the guilty plea point, is likewise frivolous. No certificate of appealability is warranted.

Bates's appeal of the September 16, 1996 order falls under the rules for successive habeas petitions as enacted by AEDPA, and requires authorization in this court of appeals for Bates to proceed in the district court. Bates made no such motion in this court, and the district court neglected to consider AEDPA's applicability. Nonetheless, we may treat Bates's appeal as a motion to file a successive habeas petition. On that basis, it is frivolous for the same reasons that we deny a certificate of appealability. In addition, Bates cannot satisfy the stringent standards required by AEDPA for the allowance of second or successive habeas petitions. See 28 U.S.C. § 2255, as amended (Supp. 1996).

For the foregoing reasons, we deny certificate of appealability and dismiss Bates's appeal of the June 11, 1996 order of the district court; we also deny Bates's motion for a successive habeas application, which derives from his appeal of the court's September 16, 1996 order.

4

COA DENIED and appeal DISMISSED; motion for successive habeas petition DENIED.